UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Katherine Mejia and Jennifer Smith,<br><br>    Plaintiffs,<br><br>v.<br><br>Iowa Board of Educational Examiners and Michael Cavin, in his individual and official capacity as the Executive Director of the Iowa Board of Educational Examiners,<br><br>    Defendants. | Case No. 4:26-cv-00020<br><br><br>**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO SUPPLEMENT RECORD** |

COME NOW Plaintiffs Katherine Mejia and Jennifer Smith, and in support of their Motion to Supplement Record, state as follows:

### I.  Supplementation Is Appropriate Because the Bill Postdates the Existing Record and is Relevant.

A motion to supplement the record is appropriate where new evidence becomes available after briefing and bears directly on issues already before the Court. Here, the legislation proposed on February 5, 2026, Iowa House Study Bill (H.S.B.) 682, postdates Defendant Cavin's September 19, 2025, letter and the January 29, 2026, hearing. *See* Declaration of Melissa Peterson, attached hereto. It also substantially changes the existing substantive and procedural processes before the BOEE for Plaintiffs as it:

a. Changes the jurisdictional requirements under 282 I.A.C. 11.3;
b. Changes who may initiate a complaint under 282 I.A.C. 11.4;
c. Practically eliminates the investigation process and ruling on initial inquiry phase under 282 I.A.C. 11.6;
d. Practically eliminates the contested case process in 282 I.A.C. 11.7; and
e. Decides the outcome of the factual findings and penalty under 282 I.A.C. 11.8, et seq.
f. Creates an effective enforcement date of September 10, 2025.

The bill deliberately and intentionally interferes with the pending federal court action in this case and the case of *Crook v. Creston Cmty. Sch. Dist.,* S.D. Iowa Case No. 4:25-cv-00373, and unconstitutionally interferes with the First Amendment rights of not only currently licensed teachers, but also any person who may seek a teaching license in the future even though not currently licensed or even employed. As such, it makes clear that there is no logical interpretation of Defendants' actions - or the actions of those who appoint or purport to govern them - that will pass Constitutional muster.

### A. *Dataphase* injunction criteria

Under *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 & n.5 (8th Cir. 1981) (en banc), H.S.B. underscores both the threat of irreparable harm to Plaintiffs and the likelihood that they will succeed on the merits of their claims. Should H.S.B. 682 be enacted, it (1) codifies irreparable harm to Plaintiffs, as they will be deprived of their licenses and unable to reapply in Iowa because of their protected speech; (2) leaves injunction as the only barrier that will protect Plaintiffs, while Defendants and the State of Iowa will suffer no harm by complying with the U.S. Constitution and honoring Iowa's motto "Our Liberties We Prize and Our Rights We Will Maintain"; (3) increases the probability that Plaintiffs will prevail on the merits of their claims as the legislation obligates Defendants to punish Plaintiffs with licensure revocation; and (4) crystallizes the public interest in protecting the First Amendment rights of public employees to express their personal opinions on matters of public concern on their own time and on their own social media platforms.

### B. Younger Abstention is Not Appropriate as The Proposed Legislation Further Demonstrates Retaliatory Motive and Bad Faith

In the U.S. Supreme Court term immediately after *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971), the Court held that federal injunctive relief was appropriate for an action under 42 U.S.C.§ 1983 when state law was being applied unconstitutionally. *Mitchum v.*

*Foster*, 407 U.S.225 (1972). *Younger* and *Mitchum* recognized that federal injunctive relief was appropriate:

> …where irreparable injury is "both great and immediate," 401 U.S., at 46, where the state law is "'flagrantly and patently violative of express constitutional prohibitions,'" or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." In the companion case of *Perez* v. *Ledesma*, the Court said that "only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."

*Mitchum*, 407 U.S. at 230-231 (citing *Younger*, 401 U.S. 37) (internal citations omitted). In the next term, in *Gibson v. Berryhill*, 411 U.S. 564 (1973), the Court recognized that injunctive relief was appropriate where an adjudicative body had "bias or preconceived opinions" about a pending matter, which concerned the bias of a state optometric licensing board considering licensing complaints against optometrists who were corporate employees. The Court articulated the exception to abstention if a party had no adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 435-436. More recently, in *Sprint Commc'ns Inc. v. Jacobs*, 571 U.S.69, 77 (2013), the Court found that federal injunctive relief was appropriate if state action was commenced "to retaliate for or discourage the exercise of constitutional rights."

The Eighth Circuit has followed suit in recognizing exceptions where litigation was brought with a "retaliatory motive", *see Lewellen v. Raff*, 843 F.2d 1103, 1109-1112 (8th Cir. 1987) and *Lewellen v. Raff,* 851 F.2d 1108, 1110 (8th Cir. 1988), or constituted "bad faith or harassment." *Mershon v. Kyser*, 852 F.2d 335, 336 (8th Cir. 1988).

The new evidence – H.S.B. 682 - further substantiates the inapplicability of *Younger* abstention. First, it is clear that Defendants have "bias or preconceived opinions", as the governing bodies of the State of Iowa, and the Defendants, have progressed from Cavin's letter to codifying First Amendment violations for the expression of a viewpoint contrary to that of Charles Kirk or the State of Iowa in the broad category of political violence and the

3

specific category of the death of Charles Kirk, and then specifying summary process for invoking the specified punishment therefor. In *Gibson*, 411 U.S. at 575, 577, the Alabama Optometric Association (AOA) filed licensing complaints against certain optometrists before the Alabama Board of Optometry (ABO), which was composed solely of AOA members. Individual optometrists sought federal injunctive relief under 42 U.S.C. § 1983, which was granted. *See Mitchum v. Foster*, 407 U.S. 225 (1972). The Court noted with approval the district court's finding that the *Younger* predicate is not met when state administrative remedies are inadequate because the administrative body is biased or has predetermined the issue before it.

Second, it is clear that Plaintiffs will have "no adequate opportunity to raise their constitutional claims," as the Legislature has made it clear that the Defendants must revoke Plaintiffs' licenses despite the protected status of their speech, and do so summarily - based on Facebook posts.

Third, the proposed legislation tips the State's hand, revealing a pattern of actions intended to retaliate against teachers for speaking on certain subjects and discourages future protected speech, directs Defendants to participate in the discrimination and retaliation, making it clear that a teacher's or future teacher's protected political speech expressing a personal viewpoint contrary to the state actors in power will be punished. In *Mershon*, 852 F.2d at 336, the Eighth Circuit reaffirmed that *Younger* abstention does not apply where a prosecution or enforcement action is initiated "to retaliate for or discourage the exercise of constitutional rights."

Fourth, on its face, H.S.B. 682 is an exercise in "bad faith or harassment", targeting litigants before this Court, teachers who have <u>not</u> been the subject of complaint by their employers to this point, and <u>future</u> teachers who may be wholly unaware that their protected speech may become a means of excluding them from their chosen profession denied. The Eighth Circuit has made clear that retaliation need not take the form of a single enforcement

action; rather, courts examine whether state actors are using their authority "as a means of harassment" or deterrence. *Lewellen*, 843 F.2d at 1111–12. While the court in *Mershon* found insufficient evidence of retaliation on the facts before it, the decision underscores the controlling rule: *where retaliation is adequately demonstrated, federal courts not only may intervene—they must.* Unlike *Mershon*, Plaintiffs here present direct evidence of viewpoint-based targeting, reinforced by subsequent legislative action that confirms the State's impermissible motive to punish both specific protected viewpoints and a larger category of protected speech from September 10, 2025, and into the future.

WHEREFORE, Plaintiffs pray that the Court grant their Motion to Supplement the Record in an expedited manner, and for such other and further relief as is appropriate in the circumstances.

Dated: February 11, 2026                IOWA STATE EDUCATION ASSOCIATION

/s/ Christy A.A. Hickman
Christy A.A. Hickman AT0000518
Becky S. Knutson AT0004225
Katherine E. Schoolen  AT0010031
777 3rd St., Des Moines, Iowa 50309
Telephone: (515) 471-8004
Facsimile: (515) 471-8017
E-mail: christy.hickman@isea.org
becky.knutson@isea.org
katie.schoolen@isea.org
ATTORNEYS FOR PLAINTIFFS

Copies to:
Eric H. Wessan
Lindsey Browning
ATTORNEYS FOR DEFENDANTS

Certificate of Service

The undersigned hereby certifies that a true  Copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 11th day of February, 2026.

By:
☐ U.S. Mail            ☐ FAX
☐ Hand Delivered       ☐ Overnight Courier
☐ Email                X PACER

Signature: /s/Becky S. Knutson