UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Katherine Mejia and Jennifer Smith,<br><br>Plaintiffs,<br><br>v.<br><br>Iowa Board of Educational Examiners and Michael Cavin, in his individual and official capacity as the Executive Director of the Iowa Board of Educational Examiners,<br><br>Defendants. | Case No. 4:26-cv-00020<br><br>**PLAINTIFFS' STATUS REPORT** |

COME NOW PLAINTIFFS Katherine Mejia and Jennifer Smith, and in compliance with the Order of this Court on August 27, 2026, submit the following Status Report:

1. On September 19, 2025, Defendant Michael Cavin sent a letter to Iowa superintendents soliciting professional licensing complaints against licensed educators who made public comments about the shooting of Charlie Kirk. He specifically identified 282 I.A.C. 25.3(6)(d) as the administrative rule that should be cited in such a complaint. See Court file Doc. 1-1.
2. Johnston Community School District Superintendent Dr. Nikki Roorda filed a professional licensing complaint against Plaintiff Smith with the Iowa Board of Educational Examiners (BOEE) on October 6, 2025. See Doc. 1-2.
3. West Delaware Community School District Superintendent Jen Vance filed a professional licensing complaint against Plaintiff Mejia with the Iowa Board of Educational Examiners (BOEE) on October 16, 2025. See Doc. 1-3.

4. Plaintiffs filed the instant action on January 9, 2025, along with a Motion for Preliminary Injunction. See Doc. 1 and Doc. 2.
5. Defendants filed a Response on January 14, 2026. See Doc. 8.
6. After hearing before this Court concerning Plaintiffs' Motion for Preliminary Injunction, on February 23, 2026, the Court denied the Preliminary Injunction, allowing the cases before the BOEE to proceed. See Doc. 22.

**BOEE - Probable Cause Findings and Extensions of Statutory Timeline for Resolution**

**Mejia**

7. On February 17, 2026, the BOEE issued a notice to Mejia informing her that Iowa Code Sec. 256.146(14)(a) requires complaints before the Board to be resolved within one hundred eighty (180) days and asserting that there was good cause to extend the statutory timeline for resolution. See Ex. A. On March 3, 2026, Mejia objected to the extension of the statutory timeline. See Ex. B.
8. Counsel for Mejia submitted copies of the Complaint, Exhibits, Brief in Support of Motion for Preliminary Injunction, and February 23, 2026, Order filed in this Court to the BOEE. See Ex. C (All documents not included - Investigation cover page only). The BOEE investigator also obtained Mejia's personnel file documents from her employer, including documents that pre-dated her comments about Charlie Kirk by several years, and submitted those documents as a part of her Investigative Report to the BOEE. See Ex. D and Ex. C (All documents not included - Investigator's cover page only). See 282 I.A.C.11.5 "…*The investigation will be limited to the allegations contained on the face of the complaint*…"
9. On March 13, the BOEE found probable cause that there was a violation of the Code of Professional Conduct and Ethics, citing 282 I.A.C. 25.3(6)(d), and moved

the case forward. BOEE Executive Director Michael Cavin notified Mejia in a letter dated March 16, 2026. See Ex. E.

10. The BOEE published the probable cause finding and alleged violation as a part of the official licensing information for Mejia on the State of Iowa website. See Ex. F.

11. On March 20, 2026, Cavin issued an Order extending the 180-day timeline indicating that there was no objection. See Ex. G. On April 10, 2026, Cavin issued a corrected Order noting Mejia's objection and again extending the 180-day timeline and noting "…probable cause of an ethical violation has been determined by the Board." See Ex. H.

**Smith**

12. On February 17, 2026, the BOEE issued a notice to Smith informing her that Iowa Code Sec. 256.146(14)(a) requires complaints before the Board to be resolved within one hundred eighty (180) days and asserting that there was good cause to extend the statutory timeline for resolution. See Ex. I. On March 3, 2026, Smith objected to the extension of the statutory timeline. See Ex. J.

13. On March 3, 2026, Smith filed her Response to the Complaint, which included the Complaint for Preliminary Injunction and exhibits, Motion for Preliminary Injunction and Brief, and Feb. 23, 2026, Order. See Ex. K (Attachments not included.) The BOEE investigator also obtained Smith's personnel file documents from her employer, including documents that pre-dated her comments about Charlie Kirk by several years, and submitted those documents as a part of his Investigative Report to the BOEE. See Ex. L (All documents not included - Investigation cover page only). See 282 I.A.C.11.5 "…*The investigation will be limited to the allegations contained on the face of the complaint…*"

14. On March 13, 2026, the BOEE found probable cause that there was a violation of the Code of Professional Conduct and Ethics, citing 282 I.A.C. 25.3(6)(d), and moved the case forward. BOEE Executive Director Michael Cavin notified Smith in a letter dated March 16, 2026. See Ex. M
15. The BOEE published the probable cause finding and alleged violation as a part of the official licensing information for Smith on the State of Iowa website. See Ex. N.
16. On March 20, 2026, Cavin issued an Order extending the 180-day timeline indicating that there was no objection. See Ex. O. On April 10, 2026, Cavin issued a corrected Order noting Smith's objection and again extending the 180-day timeline and noting "…probable cause of an ethical violation has been determined by the Board." See Ex. P.

**Contested Case Proceedings**

**Mejia**

17. On June 9, 2026, Cavin, on behalf of the BOEE, issued a Notice of Hearing and Statement of Charges (NOHSOC) to Mejia, starting the contested case proceedings. See Ex. Q. Without consulting counsel, he set the hearing for July 29, 2026. The NOHSOC alleged a violation of 282 I.A.C. 25.3(6)(d), with the factual allegation that Mejia made "highly inappropriate and unprofessional" Facebook posts concerning the death of Charlie Kirk, and that the Board found probable cause to proceed to hearing. The NOHSOC and original complaint are now filed in the Iowa AEDMS system and are public documents.
18. Mejia filed her Answer on June 25, 2026, asserting that the BOEE and Cavin's actions violated her First Amendment free speech rights. See Ex. R.

**Smith**

19. On June 10, 2026, Cavin, on behalf of the BOEE, issued a Notice of Hearing and Statement of Charges to Smith, starting the contested case proceedings. See Ex. S. Without consulting counsel, he set the hearing for July 31, 2026. The NOHSOC alleged a violation of 282 I.A.C. 25.3(6)(d), with the factual allegation that Smith made a "crude comment" in a Facebook post concerning the assassination of Charlie Kirk, and that the Board found probable cause to proceed to hearing. The NOHSOC and original complaint are now filed in the Iowa AEDMS system and are public documents.
20. Smith filed her Answer on June 25, 2026, asserting that the BOEE and Cavin's actions violated her First Amendment free speech rights. See Ex. T.

**Both Contested Cases**

21. Both Mejia and Smith, through counsel, served Interrogatories and Requests for Production of Documents on the State of Iowa, by serving counsel on June 16, 2026. See Ex. U and Ex. V, Notice of Discovery. Pursuant to 481 I.A.C. 10.13(1), the administrative rules governing the instant contested case, discovery responses were due in thirty (30) days in accordance with the Iowa Rules of Civil Procedure.
22. On June 16, 2026, Mejia's and Smith's counsel consulted the State's counsel concerning a continuance of the hearing date due to the discovery timelines. Counsel for the State of Iowa requested an additional thirty (30) days to respond to discovery which would have been due on July 17, 2026. As a professional courtesy, counsel for Mejia and Smith consented, making discovery due on Monday, August 17, 2026 and agreed to request a continuance of the hearing dates.

23. Mejia's and Smith's counsel filed a Motion to Continue in each case, and each was granted. See Ex. W, Ex. X, Ex. Y, and Ex. Z.

24. As discovery had not been produced by August 17, 2026, Mejia's and Smith's counsel emailed the State's counsel inquiring about the status of discovery responses on August 20, 2026, and September 2, 2026, followed by a phone call on September 3, 2026. Counsel for both parties did speak on September 3, 2026, and the State's counsel represented that discovery information was received from her client on September 2, 2026, and responses would be forthcoming on Friday, September 11, 2026.

**Hearing Status**

25. Hearing in the Mejia case is set for November 6, 2026. See Ex. Y.

26. Hearing in the Smith case is set for November 3, 2026. See Ex. Z.

27. The discovery process is ongoing.

28. Mejia and Smith contemplate filing Motions for Summary Judgment, depending on the information obtained in discovery, which may result in further delay so that the respective Administrative Law Judges have adequate time to consider the motions and issue rulings.

Dated: September 10, 2026.

IOWA STATE EDUCATION ASSOCIATION

/s/ Becky S. Knutson
Christy A.A. Hickman AT0000518
Becky S. Knutson AT0004225
Katherine E. Schoolen AT0010031
777 3rd St., Des Moines, Iowa 50309
Telephone: (515) 471-8004
Facsimile: (515) 471-8017
E-mail: christy.hickman@isea.org
becky.knutson@isea.org
katie.schoolen@isea.org
ATTORNEYS FOR PLAINTIFFS

Copies to:
Eric H. Wessan
Lindsey Browning
ATTORNEYS FOR DEFENDANTS

Certificate of Service

The undersigned hereby certifies that a true Copy of the foregoing instrument was served upon the attorneys listed above at their respective addresses/fax number/e-mail addresses as disclosed by the pleadings of record herein, on the 10th day of September, 2026.

By:

| | |
|---|---|
| ☐ U.S. Mail | ☐ FAX |
| ☐ Hand Delivered | ☐ Overnight Courier |
| ☐ Email | X PACER |

Signature: /s/ Becky S. Knutson